■ J & H RAINWEAR, INC., Appellant, v. DANSIDE FABRICS, INC., Respondent. DANSIDE FABRICS, INC., Third-Party Plaintiff-Appellant, v. ADVANCE PIECE DYE WORKS, INC., Third-Party Defendant-Respondent. ADVANCE PIECE DYE WORKS, INC., Third-Party Defendant and Fourth-Party Plaintiff, v. MILL-MASTER ONYX CORPORATION, Fourth-Party Defendant.— Order, Supreme Court, New York County, entered on June 25, 1971, denying separate motions by plaintiff, third-party plaintiff and fourth-party plaintiff for summary judgment, unanimously modified, on the law, to the extent of (a) reversing the denial of plaintiff's motion for summary judgment on the issue of liability, and granting said motion, (b) directing an assessment of plaintiff's damages against defendant Danside Fabrics, Inc. ("Danside"), and (c) severing the remaining actions. The order appealed from is otherwise affirmed. Plaintiff-appellant shall recover of Danside Fabrics, Inc., $50 costs and disbursements of this appeal. The

clerk is directed to enter judgment in favor of plaintiff-appellant accordingly, with costs. Plaintiff manufactures rainwear from textiles supplied by Danside which are dyed and processed by the third-party defendant Advance Piece Dye Works, Inc. ("Advance") with chemicals furnished by the fourth-party defendant, Millmaster Onyx Corporation ("Millmaster"). In its suit against Danside for breach of warranty of fitness for use, plaintiff alleges that the garments manufactured from such goods, on exposure to moisture, exude a foul, fishy odor. Danside claimed over against Advance, and Advance impleaded Millmaster. The motions below by plaintiff, Danside and Advance for summary judgment were all denied, but only plaintiff and Danside have appealed. Danside admits that the goods it furnished were not as impliedly warranted and does not seriously oppose plaintiff's motion, arguing only that its motion for summary judgment against Advance should be granted if plaintiff's motion for like relief is granted as against it. Plaintiff seeks no relief in this action against Advance, and Advance's answer asserts no defense against plaintiff which Danside might have interposed. (See CPLR 1008.) In its answer and affidavit in opposition to Danside's motion, Advance denies giving any warranty, express or implied, to Danside, and its expert exonerates Advance from liability and opines that the odor was caused either by defective chemicals or by the mishandling of the fabric after it left Advance's plant. On the record before us, we find no sufficient triable issues raised to defeat plaintiff's summary judgment motion against Danside. Accordingly, said motion should be granted and an assessment directed, and the remaining actions severed. Settle order on notice. Concur — Stevens, P. J., McGivern, Murphy, Steuer and Capozzoli, JJ.